IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,        :

    Plaintiff,                :

  v.                               :        Case No. 2:05-cr-0171(6)

Victor Manuel Quijada,           :        JUDGE SARGUS

    Defendant.                :

## DETENTION ORDER

The above defendant appeared before the Court for a detention hearing on August 1, 2005. Following the hearing, the Court ordered the defendant detained pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

The defendant has been indicted on a charge of conspiring to possess with intent to distribute more than five kilograms of cocaine. The indictment creates a presumption that the defendant is both a danger to the community and a risk of flight, and the United States' request for detention is based upon that presumption, as more fully explained below.

<u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of

> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (2l U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

   In order to attempt to rebut the presumption of detention

arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominquez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

    In this case, the defendant presented little evidence to rebut the presumption.  He has no ties to the Central Ohio area, but rather is a resident of Arizona.  He appears to have been self-employed in Arizona for some time and does have a family there.  He is currently on probation in Arizona.  Although he asserted that he was permitted to travel to Ohio notwithstanding the terms and conditions of his probation, the Court does not believe that travel to Ohio for the purpose of committing a criminal offense would be consistent with that probation.  Additionally, because of the quantity of cocaine involved in this case, the defendant is facing a mandatory 10-year minimum term of imprisonment if convicted.  All of these factors persuaded the Court that the defendant had not satisfied his burden of rebutting the presumption of detention created by his indictment on a serious drug offense, and he was therefore ordered detained without bond pending further proceedings.

    The defendant was advised of his right to seek review of this detention order by a United States District Judge pursuant

to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge